PAUL M. GLEASON (SBN: 155569)
TOREY JOSEPH FAVAROTE (SBN: 198521)
JING TONG (SBN: 285061)
GLEASON & FAVAROTE, LLP
4014 LONG BEACH BLVD., STE. 300
LONG BEACH, CA 90807
(213) 452-0510 Telephone
(213) 452-0514 Facsimile
pgleason@gleasonfavarote.com
tfavarote@gleasonfavarote.com
jtong@gleasonfavarote.com

Attorneys for Defendant CoreCivic, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN CLARK,<br><br>   Plaintiffs,<br><br> v.<br><br>CORECIVIC, INC.; and DOES 1 to 10,<br><br>   Defendants. | Case No. **'19 CV 0781 BAS WVG**<br><br>**DEFENDANT CORECIVIC, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>[28 U.S.C. §§ 1132, 1441, and 1446 DIVERSITY]<br><br>State Action Filed: March 26, 2019<br>Trial Date:   None |

/ / /

/ / /

/ / /

**TO THE CLERK OF THE ABOVE-TITLED COURT, PLAINTIFF ROBIN CLARK, AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant CORECIVIC, INC. ("Defendant") hereby affects the removal of the above-referenced action from the Superior Court of the State of California for the County of San Diego, Southern District, North County Regional Center, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties based upon the existence of diversity under 28 U.S.C. sections 1332, 1441, and 1446. Defendant makes the following allegations in support of its Notice of Removal:

## JURISDICTION

1. This action is one over which this court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. sections 1441 and 1446.

2. On or about March 26, 2019, plaintiff Robin Clark ("Plaintiff") filed an original complaint in the Superior Court of the State of California in the County of San Diego – Southern District, North County Regional Center, entitled ROBIN CLARK vs. CORECIVIC, INC.; and DOES 1 to 10, Case Number 37-2019-00015809-CU-WT-NC. The Complaint asserts the following causes of action against Defendant: (1) discrimination based on sex/gender – female – disparate treatment, Govt. Code Section 12940; (2) discrimination based on race – black – disparate treatment, Govt. Code Section 12940; (3) harassment based on sex/gender – female, Govt. Code Section 12940; (4) harassment based on race – black, Govt. Code Section 12940; (5) association discrimination, Govt. Code Section 12940; (6) failure to prevent harassment, discrimination and retaliation, Govt. Code Section 12940 (j), (k); (7) whistleblower retaliation, Labor Code Sections 1102.5 & 1102.6; (8) wrongful termination in violation of public policies, common law tort; and (9)

1.

1    retaliation for opposing violations of FEHA (Govt. Code Section 12940, et seq. and

2    Govt. Code Section 12940(h).   True copies of the summons, civil coversheet, and

3    complaint are attached to the Declaration of Paul Gleason ("Gleason Dec.") as

4    **Exhibit A**.  A true and correct copy of the Service of Process Transmittal is attached

5    to the Gleason Dec. as **Exhibit B**.  On April 25, 2019, Defendant filed an answer to

6    Plaintiff's complaint in San Diego Superior Court-Central Division.   A true and

7    correct copy of the answer is attached to the Gleason Dec. as **Exhibit C**.

8         3.    To Defendant's knowledge, no other papers or processes have been

9    filed or received in this matter by Defendant.

10                          **DIVERSITY JURISDICTION**

11        4.    This action is one over which this court has original jurisdiction under

12   28 U.S.C. section 1332 and is one which may be removed by Defendant pursuant to

13   28 U.S.C. section 1441.   This is a civil action where the amount in controversy

14   exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is

15   between citizens of different states.

16        5.    Plaintiff's Citizenship: As alleged in the complaint, "At all relevant

17   times, Plaintiff ROBIN CLARK is and was an individual residing in the County of

18   San Diego, state of California."   (Gleason Dec., Ex. A [Complaint, ¶ 4].)   For

19   diversity purposes, a person is a "citizen" of the state in which he or she is

20   domiciled.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

21   Residence is prima facie evidence of domicile.  State Farm Mutual Auto Ins. Co. v.

22   Dyer, 19 F.3d 514, 520 (10th Cir. 1994).   Accordingly, Plaintiff is a citizen of the

23   State of California.

24        1.    Defendant's Citizenship: Defendant CoreCivic, Inc. was at the time of

25   the filing of this action, and still is, a corporation incorporated under the laws of the

26   State of Maryland, with its principal place of business in the State of Tennessee.

27   (Declaration of Kelly Atwood ("Atwood Dec."), ¶ 2; a true and correct copy of

28   which is attached to the Gleason Dec. as **Exhibit D**).  Pursuant to 28 U.S.C. section

1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Accordingly, Defendant CoreCivic, Inc. is not a citizen of the State of California. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

6.    As alleged in the Complaint, "As a proximate result of Defendant's wrongful conduct, Plaintiff has and will suffer past and future lost wages and benefits in an amount to be determined by the trier of fact, but estimated to be no less than $200,000.  As a proximate result of Defendant's wrongful conduct, Plaintiff has and will suffer emotional distress damages in an amount to be determined in the discretion of the trier of fact, but estimated to be no less than $400,000." (Gleason Dec., Ex. A [Complaint, ¶ 48 and Prayer For Relief, ¶¶ 1 and 2]).

7.    "Generally, the amount in controversy is determined from the face of the pleadings." Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000).  Accordingly, where the state court complaint expressly seeks *more* than $75,000.00, the amount in controversy requirement for purposes of removal on the basis of diversity is satisfied unless the amount set forth in the initial complaint was stated in bad faith.  Id. ("The sum claimed by the plaintiff controls so long as the claim is made in good faith.").

8.    Here, Plaintiff's complaint expressly alleges that her damages are estimated to be no less than $600,000.  Therefore, based on the allegations in Plaintiff's own pleadings, the amount in controversy requirement is satisfied.

## THE REMOVAL IS TIMELY

13.    As required by 28 U.S.C. section 1446 (d), this Notice of Removal is timely in that it has been filed within thirty (30) days of Defendant's receipt of the complaint on March 28, 2019.

DEFENDANT CORECIVIC, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1       14.    As required by 28 U.S.C. section 1446(d), Defendant will give notice of this removal to Plaintiff through her attorneys of record.

       WHEREFORE, having provided notice as required by law, the above-titled action should be removed from the Superior Court for the County of San Diego-Central Division to this Court.

Dated:  April 26, 2018

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
TOREY JOSEPH FAVAROTE
JING TONG

By:   /s/ Paul Gleason
           Paul Gleason

Attorneys for Defendant CoreCivic, Inc.

**PROOF OF SERVICE**

1

2    I, Linda Montemayor, declare:

3    I am and was at the time of the service mentioned in this declaration,

4    employed in the County of Los Angeles, California. I am over the age of 18 years

5    and not a party to the within action. My business address is Gleason & Favarote,

6    LLP, 4014 Long Beach Boulevard, Suite 300, Long Beach, CA 90807.

7    On April 26, 2019, I served a copy(ies) of the following document(s):

8    **DEFENDANT CORECIVIC, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

9
     on the parties to this action by placing them in a sealed envelope(s) addressed as

10   follows:

11

12

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| GEOFFREY C. LYON<br>LYON LAW PC<br>10960 Wilshire Blvd., Ste. 820<br>Los Angeles, CA 90024-3732<br>Tel: (310) 818-7700; Fax: (424) 832-7405<br>glyon@lyonlawyer.com | Attorneys for Plaintiff, ROBIN CLARK | First Class Mail |
| ☒ [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection. | | |
| ☐ (BY CM/ECF SYSTEM) I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case. | | |

13

14

15

16

17

18

19

20

21

22

23   I declare under penalty of perjury under the laws of the United States that the

24   foregoing is true and correct, and this declaration was executed on April 26, 2019, at

25   Long Beach, California

26

27                                                        Linda Montemayor

28

1.