UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBIN CLARK, | Case No.: 19-CV-781-BAS-WVG |
|---|---|
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION FOR SANCTIONS** |
| v. | |
| CORECIVIC, INC.; and DOES 1 to 10, | |
| Defendant. | |

Pending before the Court is CoreCivic, Inc.'s ("Defendant") Supplemental Motion for Sanctions. (Doc. No. 25.) For the reasons below, the Court GRANTS Defendant's motion in its entirety.

## I. BACKGROUND

On August 16, 2019, this Court issued the operative Discovery and Pre-Trial Scheduling Order. (Doc. No. 13.) On October 16, 2019, the Parties informed Chambers of Plaintiff's failure to produce any documents corresponding with her untimely served responses to Defendant's Requests for Production of Documents ("RFPs"). In response, the Court issued an Order to Show Cause ("OSC") on that same day. (Doc. No. 15.) In summary, the OSC required Plaintiff to act by October 23, 2019 by either producing all responsive documents to Defendant or filing a declaration explaining her delay in discovery and why a sanctions award should not issue against her. Plaintiff did neither.

1

On October 25, 2019, Plaintiff's counsel filed a declaration affirming that "Plaintiff ha[d] not been in contact with [him] in order to help draft or approve such a Declaration." (Doc. No. 17.) On October 28, 2019, Defendant timely filed its response to the OSC and explained that Plaintiff failed to make any document production following the October 16, 2019 OSC. (Doc. No. 18.) Defendant argued that Plaintiff's non-compliance in discovery and with the Court's OSC warranted terminating sanctions. *Id*. On October 31, 2019, the Court issued a subsequent OSC, ordering Plaintiff to file a declaration "that sets forth the *specific* factual circumstances that she believes relieve her from terminating or other sanctions." (Doc. No. 19 [emphasis added].) The October 31, 2019 OSC was explicit that Plaintiff was to submit any and all documents supporting her position. *Id*.

Plaintiff untimely filed her declaration in response to the October 31, 2019 OSC. (Doc. No. 20.) The Declaration represented that "[Plaintiff] has been suffering from anxiety and depression which have rendered her unable to sustain her attention while working on difficult or stressful tasks." *Id*. Despite the Court's directive to substantiate her explanation, Plaintiff offered nothing more than her own contention that her "debilitating mental illness" prevented her from engaging in discovery. *Id*. Defendant underscored Plaintiff's continuing non-compliance with the Court's OSC in its Reply to Plaintiff's Declaration and reiterated its request for terminating sanctions. (Doc. No. 22.) On November 18, 2019, the Court convened a discovery hearing and hearing on the October 31, 2019 OSC.

During the hearing, Plaintiff admitted that she delayed making any document production for nearly 120 days and produced a mere 33 pages of responsive documents just days before the hearing. Plaintiff also appeared empty-handed for the hearing by, again, failing to submit any evidentiary proof of her mental disability that allegedly paralyzed her from timely identifying and producing documents to Defendant. Consequently, the Court issued its November 19, 2019 Order, directing Defendant to submit a supplemental motion for sanctions no later than Thursday, November 21, 2019 and Plaintiff to file any opposition no later than Friday, November 29, 2019. (Doc. No. 24.) Defendant timely filed the Supplemental Motion which the Court resolves in this Order.

(Doc. No. 25.) To date, Plaintiff has not filed her opposition to the Supplemental Motion and, in doing so, waived any objections to Defendant's Motion.

## II. LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure governs a party's failure to cooperate in discovery. In relevant part, Rule 37(b)(2)(C) provides that a party's failure to obey a discovery order *requires* the court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Further, the Court's authority to award sanctions is broad and contemplates a range from those with "a remedial objective, such as staying proceedings until a party complies with the order, to those with an objective of general deterrence, such as dismissing the claim with prejudice." *Rayhill v. Fairchild Industries, Inc.*, 878 F.2d 1439 (9th Cir. 1989). In undertaking its sanctions inquiry, the Court may consider the party's dilatory and obstructive conduct in the instant action and any related actions. *Lowry v. Metropolitan Transit Bd. MTBS*, 2013 WL 4046657 *14 (S.D. Cal. 2013) (citing *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998).

Where sanctionable discovery conduct constitutes willful disobedience of a discovery order, the court analyzes the Ninth Circuit's five, non-exclusive factors to assess whether terminating sanctions should issue: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id*. (citing *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007)); *see also Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (noting all that is required to prove willful disobedience is "disobedient conduct not shown to be outside the control of the litigant"). The fifth factor contemplates whether the court (1) explicitly discussed alternative sanctions; (2) in fact imposed alternative sanctions; and (3) "warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs v. Electric Eng'g Co.*,

158 F.3d 1051, 1057 (9th Cir. 1998).

### III. DISCUSSION

As an initial matter, the Court declines recommending terminating sanctions at this stage in litigation because it has not yet imposed any lesser sanctions onto Plaintiff, despite warning her that any further non-compliance would warrant such a recommendation. *See Valley Eng'rs*, *supra*, 158 F.3d at 1057. Concurrently, the Court GRANTS Defendant's Supplemental Motion for Sanctions requesting a monetary award of $9,802 for its costs and attorneys' fees incurred in connection with seeking Plaintiff's complete document production. As noted, Plaintiff delayed producing a mere 33 pages of documents to Defendant by nearly 120 days. This circumstance has had cascading consequences for Defendant in the discovery process: it was forced to incur additional costs and attorneys' fees in repeatedly following up on Plaintiff's documentation, postpone noticing Plaintiff's deposition for lack of her production, and ultimately litigate the dispute before this Court given Plaintiff's refusal to cooperate with the discovery rules – all with a December 31, 2019 fact discovery cut-off looming.

Plaintiff's misconduct does not end there, however. Plaintiff doubly defied the Court's October 16, 2019 and October 31, 2019 OSCs by also failing to file a declaration *with supporting evidence* that would clarify the reason(s) that Plaintiff stalled discovery. Respectively, the Court's October 16, 2019 OSC "urge[d] Plaintiff to provide as much detail in her explanation as possible and submit all documents supporting her position, rather than a mere sampling." (Doc. No. 15.) The Court's October 31, 2019 OSC was equally clear that Plaintiff was to "attach any and all documents in support of her position to the extent that they exist." (Doc. No. 19.) Despite the Court's directives, Plaintiff made no effort to submit any evidence substantiating the reason for her non-compliance. Further, in anticipating the possibility that Plaintiff may lack any such supporting evidence, the October 31, 2019 OSC ordered Plaintiff to submit "a declaration explaining why she [was] unable to provide such documents for the Court's consideration." (Doc. No. 24.) Again, Plaintiff refused to comply with the Court's order and instead opted to further consume the

Court's time and resources to resolve an issue exclusively within her control.

To date, Plaintiff's claim that her mental disability impaired her from reviewing documents in her possession and providing them to her counsel for analysis and production remains uncorroborated. Plaintiff has not submitted any medical records indicating that she suffered from anxiety and/or depression since the August 16, 2019 scheduling order issued (Doc. No. 13) *and* that her condition was so severe that she could not timely verify her discovery responses or prepare a document production. Interestingly, at the November 18, 2019 discovery hearing, Plaintiff acknowledged that she is presently employed and that her alleged anxiety and/or depression has not rendered her unable to work. The complete lack of evidence of any appointments with her treating physician, medical prescriptions issued, notes memorializing the extent of Plaintiff's symptoms, and other such records only reflects that there was no justification – substantial or otherwise – for Plaintiff's dilatory discovery practice. Notably, too, Plaintiff submitted neither documents nor even an excuse to explain why she has not been able to provide her own medical records to the Court.

It is apparent that Plaintiff took no lesson from the Court's warning during the October 18, 2019 discovery hearing that she would subject herself to sanctions if she failed to account for her extreme delay in producing documents and actively engaging in discovery. If she had, Plaintiff would have, at the very least, complied with the Court's most recent OSC by filing an opposition to Defendant's Supplemental Motion for Sanctions on or before November 29, 2019 – or even at all. However regrettable a diagnosis of anxiety and/or depression may be, it is no excuse – absent evidentiary proof – for Plaintiff's egregious stalling of the legitimate discovery that this Action requires. The Court is disturbed that Plaintiff takes her discovery obligations so lightly, particularly when considering that Plaintiff initiated this litigation and seeks, at minimum, $600,000 in monetary damages from Defendant. In such a situation, where Plaintiff has had ample opportunity to explain herself but instead chose to disregard the Court's orders, there can be no injustice in assessing monetary sanctions against Plaintiff.

/ / /

## IV. CONCLUSION

Based on the foregoing and pursuant to Rule 37(b)(2)(C), the Court GRANTS Defendant's Supplemental Motion in its entirety, finding that defense counsel's billed time is reasonable, and their hourly rates are commensurate with their experience, practice area, and geographic situation. Plaintiff shall bear the burden of this sanctions Order in its entirety and shall tender payment to Defendant for its costs and fees incurred in connection with this matter, totaling $9,802, within fourteen (14) days of this Order's issuance.

**IT IS SO ORDERED.**

Dated: December 6, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge